IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHANIEL SMITH,

                Plaintiff,

v.                                      OPINION and ORDER

JENNIFER BIAS, BRIDGET KRAUSE, and STATE        26-cv-92-jdp
PUBLIC DEFENDERS OFFICE,

                Defendants.

---

Plaintiff Nathaniel Smith, proceeding without counsel, alleges that defendants, mostly state public defenders, unlawfully disclosed his personally identifiable information. Smith proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Smith's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint without leave to amend for failure to state a plausible claim for relief, and I will assess a strike against Smith under 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

On October 28, 2025, Smith received a letter from defendants informing him that they inadvertently released to a third party his personally identifiable information (including his name, address, date of birth, and social security number). Defendants encouraged Smith to take precautions and offered him complimentary credit monitoring and identity theft protection for 12 months "to mitigate the effects of the data breach." Dkt. 1 at 3.

ANALYSIS

Smith indicates on the complaint form that he's suing for a violation of federal law, but he does not expressly identify any federal cause of action. I take Smith to bring a Fourteenth Amendment due process claim based on the disclosure of his personally identifiable information.

I will assume, solely to screen the complaint, that Smith has a basic due process right to the privacy of his personally identifiable information. But that information's disclosure would have to be "intentional, or at least reckless, to come within the reach of the Due Process Clause." *Cf. Allen v. Cooper*, 589 U.S. 248, 261 (2020). "[S]imple error, negligence, or even gross negligence is not enough" to violate due process. *See Wells v. Caudill*, 967 F.3d 598, 601 (7th Cir. 2020).

Smith alleges that defendants: (1) committed "negligence" by failing to maintain reasonable safeguards to protect his personally identifiable information; (2) breached their duties of confidentiality and of "trust and good faith"; and (3) and violated his "privacy interest." Dkt. 1 at 3–5. These allegations do not plausibly suggest that defendants intentionally or recklessly disclosed his personally identifiable information. I will not allow Smith to proceed on his due process claim

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But "if it is clear that any amendment would be futile," I need not grant leave to amend. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Amendment would be futile here because Smith's allegations compel the conclusion that he seeks relief under federal law based on conduct that, at most, amounts to negligence. This case belongs in state court.

ORDER

IT IS ORDERED that:

1.  Plaintiff Nathaniel Smith's complaint, Dkt. 1, is DISMISSED without leave to amend for failure to state a plausible claim for relief.

2.  A strike is to be recorded against Smith pursuant to 28 U.S.C. § 1915(g).

3.  The clerk of court is directed to enter judgment and close the case.

Entered April 1, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge